UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS ADDUCI, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　-against-<br><br>SWISSPORT USA, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 22 Civ. 1172<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Adduci ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant Swissport USA, Inc. seeking to recover liquidated and other damages for Defendant's violations of the New York Labor Law, Art. 6 §§ 190 *et seq.* ("NYLL").  Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff was employed by Defendant as a "Manual Worker" as defined by NYLL § 190(4), having worked for Defendant in Ronkonkoma, New York as a Fueling Agent.

2. Defendant paid Plaintiff and other Manual Workers on a biweekly basis.

3. As a result, Defendant violated the requirement that manual workers be paid on a weekly basis in accordance with NYLL § 191(1)(a).

4. Plaintiff now bring this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers throughout the State of New York during the time period from six years prior to the filing of the complaint until the date of judgment in this action (also referred to as "Class Members").

# THE PARTIES

*Plaintiff*

5. Plaintiff worked for Defendant as a Manual Worker in Ronkonkoma, New York from approximately July 2021 to September 2021.

6. Plaintiff was employed as a full-time employee and paid on an hourly basis.

7. Plaintiff worked as a Fueling Agent for Defendant, working out of their facility located at Long Island MacArthur Airport.

8. Pursuant to Defendant's policy, pattern, or practice as described above and herein, Plaintiff was paid on a biweekly basis.

9. Defendant did not pay Plaintiff within seven days after the end of the workweek as required by NYLL. For example, Defendant paid Plaintiff on August 26, 2021 and next paid Plaintiff on September 9, 2021.

10. Plaintiff was entitled to payment of his wages within seven calendar days after the end of the workweek, as per NYLL § 191(1)(a).

11. At all times relevant hereto, Plaintiff was a covered employee within the meaning of the NYLL.

*Defendant*

12. Defendant Swissport USA, Inc. is a Delaware corporation with a principal place of business in Raleigh, North Carolina.

13. Defendant does business in New York.

14. At all relevant times, Defendant was and is an "employer" within the meaning of NYLL § 190(3).

15. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and the Class Members, including timekeeping, payroll and other employment practices that applied to them.

16. Defendant applies the same employment policies, practices, and procedures to Plaintiff and all Class Members.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act.

18. Plaintiff does not share a state of citizenship with Defendant.

19. Plaintiff is resident of Nassau County and a citizen of New York State.

20. Defendant is not a citizen of New York State.

21. Defendant is a citizen of the State of North Carolina, by virtue of being headquartered at 227 Fayetteville Street, Raleigh, North Carolina.

22. Defendant is also a citizen of the State of Delaware, where it is incorporated.

23. Plaintiff seeks liquidated damages, under NYLL § 198, equal to the 100% of the Class's late-paid wages. Because Plaintiff and the Class were paid on a biweekly basis, roughly one-half of their annual wages were paid late. Thus, the measure of damages in controversy is equal to, roughly, one-half of the Class's wages paid by Defendant for the six-years preceding the filing of this Complaint.

24. Because there are, upon information and belief, over 100 members of the Class working for Defendant in full-time positions – working about 40 hours a week – at any time, the Class worked no less than 2,600 full-time workweeks in which they were paid late per year.

Members of the Class, including Plaintiff, are generally paid at least $20 an hour; therefore, in any given year the amount in controversy exceeds $2,000,000.

25. As a result, the amount in controversy exceeds $75,000.

26. The amount in controversy also exceeds $5,000,000.

27. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this District.

29. That is, Defendant employed Plaintiff and members of the Class and failed to pay them their wages timely within this district and within the jurisdiction and venue of this Court.

## COMMON FACTUAL ALLEGATIONS

30. Defendant provides airport services including ground handling, passenger, baggage and cargo handling, and aircraft loading and unloading services for airlines. Defendant provides such services at multiple airports in New York state including at McArthur airport in Ronkonkoma, New York where Plaintiff worked.

31. Plaintiff and the Class Members are current or former Manual Workers. Their duties include but are not limited to numerous physical tasks such as operating heavy machinery and ground support equipment, repairing and maintaining mechanical functions or ground support equipment and vehicles, collecting and loading mails, live animals, wheelchairs and child strollers, lifting items, supplies, and tools, dispensing fuel, defueling aircraft, cleaning up fuel spills, and

loading and unloading cargo and luggage. Plaintiff and the Class Members spend more than 25% of their time performing manual labor such as these tasks.

32. Defendant violated the NYLL by failing to pay Plaintiff and Class Members on a weekly basis as required by NYLL.

33. Defendant applied its biweekly payment policy to the Class Members uniformly.

34. Plaintiff and the Class Members were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

35. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

36. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

37. Defendant does not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages biweekly.

38. The State of New York has required employers to pay certain manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1; N.Y. Session Law 1897, Ch. 415 §§ 2, 10.

39. A reasonable employer inquiring into New York's wage payment rules would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Questions flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-

asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

40. Upon information and belief, Defendant does not qualify for the exemption from the NYLL's weekly payment requirement because it does not employ over 1,000 in the state of New York.

41. Upon information and belief, Defendant did not apply for the exemption.

42. Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiff and Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiff and the Class Members were paid in compliance with the NYLL's timely payment requirements.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and the Class Members.

44. Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

45. Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on

which the calculation of that number can be based are presently within the sole control of Defendant.

46. Upon information and belief, the size of the Class is at least 100 workers.

47. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

48. This matter is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

    a. whether Defendant was required to pay Plaintiff and Class Members on a weekly basis

    b. whether Defendant failed to pay Plaintiff and Class Members on a weekly basis; and

    c. whether Defendant's failure to pay Plaintiff and Class Members on a weekly basis resulted from a reasonable, good-faith belief that its biweekly payroll practice complied with the NYLL.

49. Plaintiff's claims are typical of the claims of the Class sought to be represented. Defendant did not pay Plaintiff and Class Members on a weekly basis. Defendant did not provide Plaintiff and Class Members with wage statements on a weekly basis. Defendant acted and/or refused to act on grounds generally applicable to Plaintiff and Class Members, thereby making injunctive and/or declaratory relief with respect to the Class appropriate.

50. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff understands that, as class representative, one assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, one must represent and consider the interests of the Class just as one would

represent and consider one's own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.  Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

51.     Plaintiff has retained Kessler Matura P.C. and the Shavitz Law Group, P.A., who are competent and experienced counsel in complex class action employment litigation.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
## NYLL – Failure to Pay Timely Wages
## (On Behalf of Plaintiff and the Class)

54. Plaintiff realleges and incorporates by reference all preceding allegations.

55. The NYLL requires employers to pay timely wages to employees. NYLL § 191 and NYLL's regulations state that manual workers, which include the Plaintiff and the Class Members, must be paid on a weekly basis.

56. NYLL § 191 and its regulations apply to Defendant and cover Plaintiff and the Class Members.

57. Defendant did and does not pay Plaintiff and the Class Members on a weekly basis.

58. Defendant pays (and has paid) Plaintiff and the Class Members on a biweekly basis in violation of the NYLL.

59. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to damages from Defendant due to such underpayments caused by Defendant's violations of NYLL's timely pay laws for the entire NYLL class period. Such damages include, but are not limited to, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. Damages, including liquidated damages, for Defendant's violations of the NYLL;

B. Pre-judgment interest and post-judgment interest as provided by law;

C. Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

  D. A reasonable incentive award for the Plaintiff to compensate him for the time and effort he has spent protecting the interests of other Manual Workers, and the risks he has undertaken.

  E. Certification of the New York claims in this action as a class action;

  F. Designation of Plaintiff as the Class Representative;

  G. Appropriate statutory penalties;

  H. Attorneys' fees and costs of the action; and

  I. Such other monetary, injunctive, equitable, and other relief as this Court shall deem just and proper and as available under the law.

Dated: Melville, New York  
   March 3, 2022

Respectfully submitted,

 /s/ *Troy L. Kessler*  
Troy L. Kessler  
Garrett Kaske  
KESSLER MATURA P.C.  
534 Broadhollow Road, Suite 275  
Melville, New York 11747  
Telephone: (631) 499-9100  
Facsimile: (631) 499-9120  
tkessler@kesslermatura.com  
gkaske@kesslermatura.com

Michael J. Palitz  
SHAVITZ LAW GROUP, P.A.  
447 Madison Avenue, 6th Floor  
New York, New York 10022  
Telephone: (800) 616-4000  
Facsimile: (561) 447-8831  
mpalitz@shavitzlaw.com

Gregg I. Shavitz*  
SHAVITZ LAW GROUP, P.A.

                951 Yamato Road, Suite 285
                Boca Raton, Florida 33431
                Telephone:    (561) 447-8888
                Facsimile:    (561) 447-8831
                gshavitz@shavitzlaw.com

*\*to apply for admission pro hac vice*

*Attorneys for Plaintiff and the Putative Class*